<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VAUGHN SIMMONS, | : | Civil Action No. 06-4106 (PGS) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| ESSEX COUNTY CORRECTIONAL | : | |
| CENTER, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Vaughn Simmons, <u>Pro Se</u>
#289333
Essex County Jail
Delaney Hall
451 Doremus Avenue
Newark, NJ 07105

**SHERIDAN**, District Judge

Plaintiff Vaughn Simmons, currently confined at the Essex County Jail, Newark, New Jersey, seeks to bring this action <u>in forma pauperis</u>, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed <u>in forma pauperis</u>, pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that Plaintiff's complaint will be dismissed, without prejudice.

BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.  The following facts are taken from Plaintiff's complaint and are assumed true for purposes of this review.

Plaintiff states that after eating dinner at the jail facility where he is currently housed, he had an allergic reaction.  His tongue began to swell, he experienced excruciating pain in his head, and he could no longer stand.  He was taken to the infirmary and received six shots in the course of an hour. The symptoms subsided; however, some time later while still held in the infirmary he began to have symptoms again.  He tried to contact the nurse on three occasions, and was told that the nurse would return.  When the symptoms became unbearable, he began to kick the door of the infirmary.  An ambulance was notified and he received four more shots.  The nurse told Plaintiff that he should have been transported to the hospital after the first outbreak of symptoms.

Plaintiff arrived at the hospital at 12:30 a.m. on May 30, 2006.  He was treated and discharged about twelve hours later. For the next five days he experienced pain shooting from his left

2

leg to chest area.  Currently, he experiences heart pain and pain in his right shoulder and both hands.  Plaintiff does not state whether or not he has sought medical care for the pain he currently experiences.

Plaintiff argues that he was, or is, being treated with medications that he cannot take due to other medical problems. He has asked medical staff to contact his family to receive information on medications that he can and cannot have.  He argues that the defendants did not recognize the emergency of the situation and that he should have been transported to the hospital sooner.  He states that he suffered pain as a result of their misjudgment in treating him.

Plaintiff asks for monetary and other relief.

DISCUSSION

A.    **Standard of Review**

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The

3

Court need not, however, credit a pro se plaintiff's "bald
assertions" or "legal conclusions." Id.

A pro se complaint may be dismissed for failure to state a
claim only if it appears "'beyond doubt that the plaintiff can
prove no set of facts in support of his claim which would entitle
him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v.
Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d
371, 373 (3d Cir. 1981).

Where a complaint can be remedied by an amendment, a
district court may not dismiss the complaint with prejudice. See
Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Denton v.
Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State
Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to
28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17
(3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1));
Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d
Cir. 1996).

**B.    Section 1983**

A plaintiff may have a cause of action under 42 U.S.C.
§ 1983 for certain violations of his or her constitutional
rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the

4

> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), <u>overruled in part on other grounds by Daniels v. Williams</u>, 474 U.S. 327 (1986); <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 152 (1970); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## C.   **Plaintiff's Complaint Will Be Dismissed, Without Prejudice.**

The Court construes the complaint as asserting a denial of medical care claim. Assuming Plaintiff was a pretrial detainee at the time of the alleged violations, "the proper standard for examining such claims is the standard set forth in <u>Bell v. Wolfish</u> . . .; i.e., whether the conditions of confinement (or here, inadequate medical treatment) amounted to punishment prior to an adjudication of guilt . . . ." <u>Montgomery v. Ray</u>, 145 Fed. Appx. 738, 740 (3d Cir. 2005); 2005 WL 1995084 (3d Cir. 2005)(unpubl.)(citing <u>Bell v. Wolfish</u>, 441 U.S. 520 (1979); <u>Hubbard v. Taylor</u>, 399 F.3d 150, 166 (3d Cir. 2005)). In <u>Bell</u>, the United States Supreme Court explained:

> In evaluating the constitutionality of conditions
> or restrictions of pretrial detention that implicate

only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee.  For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law. ...

Not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense, however.  Once the government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention. ...

A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose.  Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]."  Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment."  Conversely, if a restriction or condition is not reasonably related to a legitimate goal--if it is arbitrary or purposeless--a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees.  ...

441 U.S. at 535-39 (citations omitted).  The Court further explained that the government has legitimate interests that stem from its need to maintain security and order at the detention facility.  "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if

they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." 441 U.S. at 540.

In this case, Plaintiff has alleged no facts indicating that he was subjected to punishment as a pretrial detainee. He states clearly that he was promptly treated by the jail medical staff, was, within hours, transported to the hospital, and was given medication and various shots. While he questions the medical staff's decisions regarding his care, the facts, as alleged, do not indicate that his constitutional rights have been violated. Plaintiff's allegations that he should have been transported to the hospital sooner, or that he should have received different medication may state a claim for medical malpractice under state law, but do not state a claim for a constitutional violation.[1]

### CONCLUSION

Plaintiff's complaint will be dismissed, without prejudice, for failure to state a claim upon which relief may be granted. The Court notes that "generally, an order which dismisses a

---

[1] The Court notes that even if Plaintiff was a convicted, sentenced prisoner while housed at the Essex County Jail, he has not stated a claim under the Eighth Amendment for denial of medical care, as he has not alleged facts indicating deliberate indifference by medical staff to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976)(in order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need).

complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action." <u>Martin v. Brown</u>, 63 F.3d 1252, 1257-58 (3d Cir. 1995)(quoting <u>Borelli v. City of Reading</u>, 532 F.2d 950, 951 (3d Cir. 1976)).  In this case, if Plaintiff can correct the deficiencies of his complaint, as set forth in this Opinion, he may file a motion to reopen this case in accordance with the attached Order.

An appropriate Order accompanies this Opinion.

_____
PETER G. SHERIDAN
United States District Judge

Dated: 9-26-06